IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| KELLY FOSTER<br>11905 Taplow Rd.<br>Midlothian, Virginia 23112 | :<br>:<br>: |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No: |
| | : |
| SEDGWICK CLAIMS MANAGEMENT<br>SERVICES, INC. | :<br>: |
| | : |
| SERVE: Commissioner for the District<br>of Columbia<br>Department of Insurance, Securities, and<br>Banking<br>810 First St., NE<br>Suite 701<br>Washington, DC 20002 | :<br>:<br>:<br>:<br>:<br>:<br>: |
| | : |
| and | : |
| | : |
| SUN TRUST BANK SHORT AND LONG TERM<br>DISABILITY PLANS | :<br>: |
| | : |
| In-House Counsel<br>Sun Trust Bank<br>303 Peachtree Street, NE<br>30th Floor<br>Atlanta, GA 30308 | :<br>:<br>:<br>:<br>: |
| | : |
| Defendants. | : |

## **COMPLAINT**

1.      Plaintiff seeks relief under ERISA,  29 U.S.C. § 1001, et seq., specifically ERISA

§502, 29 U.S.C. §1132.

2.      This court has jurisdiction pursuant over the issues raised herein pursuant to

ERISA §502,  29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1331 (Federal Question).

3.      Venue is appropriate under 29 U.S.C. §1132(e)(2) in that Defendants were responsible for providing benefits through employment of the participants of the Plan with subject benefits provided by Defendant who is doing business in the District of Columbia so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4.      This is an action pursuant to 29 U.S.C. §§ 502(a)(1)(B) and (a)(3) to clarify a beneficiary's rights to past and future benefits under the terms of the plan.  Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA.  Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest.  Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a).  Plaintiff seeks an award of attorney's fees and costs.

## Parties

5.      Plaintiff is an adult resident of Midlothian, Virginia.

6.      Plaintiff was a plan participant under an employee welfare benefits plan established by her employer, Sun Trust Bank ("Sun Trust"), doing business in the District of Columbia.

7.       Defendant, Sun Trust, utilized Defendant, Sedgwick Claims Management Services, Inc. ("Sedgwick"), as the claims administrator for the plan.

## The Disability Contract

8.      The plan promises to pay benefits if an employee is disabled.

9.      Disability in the plan is defined as follows and includes the following

subdefinitions:

SHORT TERM DISABILITY:

**<u>Qualification for Benefits</u>**

Benefits will be determined once an employee has been declared to be "disabled" for more than five consecutive business days by the Leave Management Administrator.  An employee will be deemed to be disabled if they are not able, solely because of disease or injury to perform the material duties of their own occupation and are under the regular care of a physician.  If an employee's own occupation requires a professional or occupational license or certification of any kind, they will not be deemed to be disabled solely because of loss of license or certification due to disease or injury.

LONG TERM DISABILITY:

**<u>Definition of Total Disability</u>**

You are disabled if, due to injury, illness, or pregnancy supported by objective medical documentation, you meet the following definition as determined by the claims administrator:

- You are unable to perform each of the material duties of the occupation you regularly perform for SuntTrust, and
- You are under the regular care of a physician appropriate to your condition.

After 24 months, you are disabled if due to your injury, illness, or pregnancy, you meet the following definition of disability as determined by the claims administrator:

- You are unable to earn at least 6-% of your pre-disability earnings while working in any occupation,
- You are unable to perform each of the material duties of any occupation for which you are reasonably fitted by education, training, or experience, and
- You are under the regular care of a physician

3

appropriate to your condition.

## Plaintiff's Disability Claim

10. Plaintiff suffers from pain, discomfort, fatigue and other related impairments caused by fibromyalgia, Sjogren's syndrome, cervical pain, among other conditions and impairments.

11. Plaintiff was an employee at the Sun Trust Bank serving as a Mortgage Loan Closer at the time she became disabled on or about 8/20/12.

12. On 9/12/12, Sedgwick denied Plaintiff's claim for short term disability benefits.

13. Plaintiff acquired the undersigned counsel and on 3/1/13 filed a timely appeal, which included additional medical, functional and vocational evidence. By that time, the Plaintiff has become eligible for both short and long term disability benefits.  This appeal concluded with the following statements (bolded as in original):

- **The initial request for information remains continuing in nature.  All documents added to this file must be sent in a timely manner for review prior to your decision.**

- **Should you choose to have Claimant's submitted evidence reviewed by any medical and/or vocational professional, Claimant hereby reserves the right to respond to such professional's report prior to your making a final claims determination.**

14. On 3/29/13, Sedgwick denied Plaintiff's claim again.

15. On 10/30/13, Plaintiff requested an application for LTD benefits, as none had been provided previously.

16. On 11/8/13, Sedgwick denied Plaintiff's LTD claim.

17. On 1/10/14, Plaintiff timely appealed the denial of LTD benefits.

4

18.   On 1/29/14, Sedgwick upheld the decision to deny LTD benefits.

19.   With Defendants' final denial, all conditions precedent under the policy have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit.  This denial was a result of a clear conflict of interest.

20.   Plaintiff is entitled to these benefits under the plan since she has:

A.   Satisfied all conditions to be eligible under the plan; and

B.   Has not waived or otherwise relinquished his entitlement to these benefits.

21.   Prior to appealing all claim denials, Plaintiff's counsel sent multiple requests for claims file documentation which required production of the all summary plan documents, governing claims manual provisions or handling instructions under which this claim was reviewed.  These requests were made pursuant to 29 C.F.R. § 2560.502 - 1(h) *et seq.*

22.   Defendants failed to produce the documentation requested on all occasions, withholding claims guidelines and file information.

### Requested Relief

23.   Plaintiff requests that this court review the denial of benefits in this case and declare  that she is entitled to all benefits under the short and long term disability plans including payment of all back benefits with interest.

24.   Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

25.   Plaintiff requests penalties payable in the amount of $110/day or other amount as to be determined by this Court pursuant to 29 U.S.C. §1132(c),29 C.F.R. § 2560.502 - 1(h) *et seq.* as a result of the failure of Defendants to produce the documents requested.

26.     Any such other relief  the Court may deem just and proper.

Respectfully submitted,

_____/s/_____
Scott B. Elkind, Bar 438811
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
P: (301) 495-6665
F: (301) 565-5111
Attorney for Plaintiff